FARMER, Judge,
dissenting.
I do not agree that appellant’s motion to disqualify the trial judge was untimely. I can find nothing in the record before us to show that defendant himself knew by November 4, 1993, that the trial judge was attempting to hold his lawyer in contempt, that the judge had offered the lawyer to dismiss the contempt matter if the lawyer would forego his fee, or that the lawyer had then filed a complaint about the judge with the Judicial Qualifications Commission. Indeed the only document showing when appellant acquired knowledge is his November 30, 1994, motion to disqualify. Hence, going strictly by the record, the motion was apparently timely.
On the merits, I would reverse the trial court’s denial of the motion to disqualify on the basis of our decision in Michaud-Berger v. Hurley, 607 So.2d 441 (Fla. 4th DCA 1992), rev. denied sub nom. North American Van Lines v. Michaud-Berger, 614 So.2d 503 (Fla.1993), in which we held that a party’s subjective fears of judicial bias are alone sufficient to support a motion to disqualify.